

SEALED

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2014

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION
AUGUST 2014 SESSION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No.: 1:14 CR 00019 |
| v. | |
| GITANO PIERRE BRYANT JR. | Title 26 U.S.C. § 5762(a)(3) |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1. The Alcohol and Tobacco Tax and Trade Bureau ("TTB") administers and enforces laws and TTB regulations pertaining to, among other things, tobacco products imported into the United States from a foreign country.

2. The definition of tobacco products includes, among other things, "small cigarettes" – cigarettes weighing less than three pounds per thousand.

3. The Federal Tobacco Excise Tax on imported small cigarettes is calculated at the time the cigarettes are removed from the custody of U.S. Customs and Border Protection (CBP) and enter domestic commerce. 26 U.S.C. § 5703.

4. Federal Tobacco Excise Tax on imported small cigarettes must be paid by the importer. 26 U.S.C. § 5703.

5. At the time of the events alleged in this indictment, the Federal Tobacco Excise Tax rate for small cigarettes was $19.50 per thousand cigarettes or $3.90 per carton. 26 U.S.C. § 5701(b)(1).

1

6. Proper and truthful record keeping and documentation as mandated by federal law and regulations is essential to enable TTB to perform its function with regard to collection of Federal Tobacco Excise Taxes properly due and owing. False record keeping impedes performance of TTB's function and unduly hinders the effective administration of justice.

7. In September 2008, TTB issued a Tobacco Importer Permit to Havana '59 Cigar Company (FL-TI-15164) ("Havana").

8. According to the permit application submitted to TTB, GITANO PIERRE BRYANT, JR. owned 100% of the shares of Havana.

9. On October 13, 2008, Havana imported a shipping container of cigarettes (868 cases or 52,000 cartons) into the port of New Orleans.

10. The United States Customs and Border Protection Agency ("CBP") detained the shipment on October 27, 2008, because it did not comply with CBP regulations.

11. On October 28, 2008, BRYANT mailed a letter to CBP stating that Havana did not intend to clear and enter the goods for consumption in the United States, but that they were to be consolidated with other products and exported.

12. CBP released the shipment and the cigarettes went to a Customs Bonded Warehouse (CBW) in Illinois.

13. On November 20, 2008, BRYANT transferred the cigarettes from Illinois to a CBW in Bristol, Virginia, where no documentation was filed with Customs and Border Protection.

14. On December 12, 2008, these cigarettes were shipped from Bristol, Virginia to Globe Wholesale in Tupelo, Mississippi where they entered domestic commerce without payment of Federal Tobacco Excise tax.

## COUNT ONE
### (26 U.S.C. § 5762(a)(3))
### (Fraudulent Refusal to Pay or Evasion of Federal Cigarette Excise Taxes)

15. The Introduction is re-alleged and incorporated by reference.

16. Beginning on or about October 13, 2008 and continuing to on or about December 12, 2008, in the Western District of Virginia and elsewhere, GITANO PIERRE BRYANT, JR., with intent to defraud the United States, refused to pay and attempted to evade or defeat the Federal Tobacco Excise Tax or payment thereof.

17. Specifically, BRYANT did willfully advise CBP that the cigarettes imported by Havana on October 13, 2008 were intended for export. BRYANT so informed CBP knowing that he intended to sell the cigarettes in domestic commerce and with the specific intent to defraud the United States of the Federal Tobacco Excise Tax properly due.

18. The Federal Tobacco Excise Tax due on the cigarettes in the shipment was $203,112.

19. All in violation of Title 26, United States Code, Section 5762(a)(3).

## NOTICE OF FORFEITURE

1. Upon conviction of the offenses alleged in Count One of this Information, BRYANT shall forfeit to the United States:

    (a) All property intended for use in violating the provisions of Chapter 52 of the Internal Revenue Code, or regulations thereunder, or which has been so used, shall be forfeited to the United States pursuant to 26 U.S.C. § 5763(d).

2. The property to be forfeited to the United States includes but is not limited to the following property:

(a) **Money Judgment**

Not less than $203,112.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

(b) **Tobacco Product(s)**

A shipping container of cigarettes (868 cases or 52,000 cartons) shipped into the port of New Orleans by Havana '59 Cigar Company (FL-TI-15164) pursuant to 26 U.S.C. § 5763(d).

3. If any of the above described forfeitable property, as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence; has been transferred or sold to or deposited with a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above described forfeitable property pursuant to 21 U.S.C. § 853(p).

4. All in accordance with Title 26, United States Code, Section 5763(d).

A TRUE BILL, this 14 day of August, 2014.

/s/ Jane L. Cash
FOREPERSON

/s/ W. H. Mott for
TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY

Page 4 of 4

Case 1:14-cr-00019-JPJ-PMS   Document 4   Filed 08/14/14   Page 4 of 4   Pageid#: 7